UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61762 -CIV-DIMITROULEAS

SAVERIO PISANI, an individual,
and MARIA PISANI,

        Magistrate Judge Rosenbaum

    Plaintiffs,

v.

SUNRISE LAKES CONDOMINIUM
PHASE 4, INC. III, a Florida non-Profit
Corporation,

    Defendant.
_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 10]. The Court has carefully considered the Motion, Plaintiffs' Brief in Opposition [DE 13], Defendant's Reply [DE 14], the underlying Complaint [DE 1] and is otherwise fully advised in the premises.

I. BACKGROUND

The relevant facts, as stated in the Plaintiffs' Complaint [DE 1] are as follows. On or about March 6, 2007, Plaintiffs, Saverio and Maria Pisani (collectively "the Pissanis") entered into a Contract for the Purchase and Sale of Real Property located at 2601 Nob Hill Road, Sunrise, Florida 33322 ("Contract") with prospective buyers, Isidro Martinez and his daughter, Michele Martinez. On or about January 8, 2007, pursuant to the terms of the Declaration of Condominium for Sunrise Lakes Phase 4 ("Declaration"), Plaintiffs submitted written notice of the unit owners' intent to sell ("Notice"). On or about March 9, 2007, pursuant to the terms of the Declaration, an application for purchase of the unit ("Application") was submitted to the

Association by Isidro and Michele Martinez and the Plaintiffs.

At the time the Application was submitted, Isidro Martinez had deposited twenty percent (20%) of the purchase price into escrow and had a credit score of seven hundred fifty (750). On March 21, 2007, Plaintiffs' real estate agent received verbal notice that the Isidro and Michele Martinez's application had been denied by the Association for "good cause." The Association refused to elaborate on its reasons for denying the Martinez's application. Michele Martinez has cerebral palsy and is wheelchair-bound. The Plaintiffs allege that the Defendant has engaged in discriminatory behavior when it denied housing to Michele Martinez because of her handicap.

On December 3, 2007, the Plaintiffs brought the instant five (5) Count Complaint against the Defendant. The Complaint alleges the following violations: Count I - Violation of Federal Fair Housing Act ("Federal FHA"); Count II - Violation of Florida Fair Housing Act ("Florida FHA"); Count III - Tortious Interference with a Contractual Right; Count IV - Breach of Fiduciary Duty; Count V - Violation of Declaration of Condominium. In its Motion to Dismiss, the Defendant moves to Dismiss each of the Plaintiffs' five (5) Counts. The Court will address each in turn.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d

332, 336 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Spanish Broad. Sys. of Fla. Inc. v. Clear Channel Commc'ns, Inc., 376 F.3d 1065, 1070 (11th Cir. 2004).

### B. Count I: Violations of Federal Fair Housing Act

Count I of the Complaint alleges a violation of the Federal FHA. 42 U.S.C. §3601, et seq. Section 3604(f) of the Federal FHA makes it unlawful

> [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of handicap of - (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or (C) any person associated with that buyer or renter."

42 U.S.C. §3604(f)(1). In its Motion, the Defendant argues that Count I of the Complaint must be dismissed because the Plaintiffs lack standing to sue under the Federal FHA.

It is recognized that a person may sue under the Federal FHA if they are an "aggrieved person" within the meaning of the statute. 42 U.S.C. § 3613(a)(1). The statute describes an "aggrieved" person as "any person who - -(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Under the Federal FHA, an aggrieved person need not be a member of a protected class. Wasserman v. Three Seasons Ass'n No. 1, Inc., 998 F. Supp. 1445, 1447 (S.D. Fla. 1998).

Any plaintiff must still meet the minimum requirements for constitutional standing under Article III of the Constitution. However, standing under the Federal FHA is as broad as permitted by Article III. Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 109 (1979). At a

minimum, for a plaintiff to establish standing, the Constitution requires that a plaintiff establish: (1) they suffered an "injury in fact," which is concrete and particularized as well as actual and imminent rather than conjectural or hypothetical; (2) the injury is fairly traceable to the allegedly illegal actions of the defendant and not some third party not currently before the Court; and (3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

      The Plaintiffs argue that they have satisfied their burden of pleading standing both under the Federal FHA and the Constitution. The Plaintiffs have alleged that they are "aggrieved persons" under the Federal FHA because they were injured when they were denied the right to sell their condominium to the purchasers of their choice when the Defendant denied their chosen purchasers' Application because of Ms. Martinez's disability. The Plaintiffs argue that the denial of the right to sell their property constitutes a concrete and particularized injury that is traceable to the conduct of the Defendant. Furthermore, an Order of this Court would be capable of compensating the Plaintiffs for their injury. The Court agrees that the injury alleged by the Plaintiffs is sufficient to confer standing. See San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 475 (9th Cir. 1998) ("As potential sellers of the property who were unable to sell their property because of the City's alleged [Federal FHA violation] the [plaintiffs have standing].")

      The Defendant's reliance on Wasserman, 998 F. Supp. 1445, is misplaced. In Wasserman the plaintiffs' apartment application was denied because they had refused to sign an agreement requiring that the plaintiffs remain childless or move out of the apartment upon becoming pregnant. In Wasserman the court held that the plaintiffs did not have standing to sue under the Federal FHA because they pointed to no injured protected class members. Id. at 1448. The Court

4

denied the plaintiffs standing because:

> [i]t appears that Plaintiffs' motivation for refusing to sign Defendant's statement was either that they philosophically objected to the statement or that they objected to the policy because they might one day be in the class against whom the policy might discriminate. Under the current Supreme Court jurisprudence, these reasons do not demonstrate enough of a stake in the controversy to confer standing on Plaintiffs.

Id. In other words, although the Supreme Court has held that "as long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed," Id. (citing Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 209 (1972)), even a third party must still argue that the rights of a class member were infringed. In stark contrast to Wasserman, in this case, the Plaintiffs allege that they suffered an injury when a member of a class protected by the Federal FHA[1] had her rights infringed. According to the allegations of the Complaint, the Defendant refused to allow the Martinez's to purchase the unit because of Ms. Martinez's disability and the Plaintiffs were damaged by this refusal. Accordingly, the Plaintiffs have standing under the Federal FHA and the Defendant's Motion to Dismiss Count I of the Plaintiffs' Complaint for lack of standing must be denied.

### C. Count II Violation of Florida Fair Housing Act

Next, Defendant moves to dismiss the Plaintiffs' claim under the Florida FHA for failure to exhaust their administrative remedies. Under Florida law, enforcement of the Florida FHA falls to the Commission on Human Relations. The statute provides that "[a]ny person who claims to have been injured by a discriminatory housing practice or who believes that he or she will be injured by a discriminatory housing practice that is about to occur may file a complaint with the

---

[1] The Federal FHA defines "Handicap," with respect to a person, as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

5

commission." Fla. Stat. § 760.43(1). While the statute states that a person "may" file a complaint, the Florida courts have construed this language to impose an administrative exhaustion requirement on the Florida FHA. See Belletete v. Halford, 886 So. 2d 308, 310 (Fla. 4th DCA 2004). The Court in Belletete interpreted the Florida FHA to parallel the similar provision in the Florida Civil Rights Act ("FCRA"), finding that the two provisions "contain much the same language and structure." Id. The Florida courts have interpreted the FCRA to require administrative exhaustion despite the use of the word "may" rather than "shall" or "must." In Ross v. Jim Adams Ford, Inc., for example, the Florida Second District Court of Appeals held that "[a]lthough [the FCRA] states that a complaint 'may' be filed with the Commission, it is clear that such a complaint must be filed either with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under this act." 871 So. 2d 312, 315 (Fla. 2d DCA 2004). Because the Plaintiffs have failed to exhaust their administrative remedies as required by the statute, Count II of the Complaint must be dismissed as premature.

While the Plaintiffs are correct in stating that the Florida courts have construed the Florida FHA to be "substantively identical" to the Federal FHA, See e.g. Hous. Opportunities Project for Excellenc, Inc. v. Key Colony No. 4 Condo. Ass'n, Inc., 510 F. Supp. 2d 1003, 1009 n.3 (S.D. Fla. 2007), this does not mean that the procedural requirements of the Florida FHA are identical to those under the Federal FHA. In fact, the cases cited to by the Defendant show that they are not. As the Defendant points out, "[s]tate courts have the right to construe their own statutes. Once the state court has construed the statute, federal courts are bound by that construction." Bank of Heflin v. Miles, 621 F.2d 108, 113-14 (5th Cir. 1980) (internal citations omitted). The Plaintiffs

have not pointed to a single case, and the Court has found none upon independent inquiry, suggesting that a plaintiff is permitted to bring an action under the Florida FHA without first complying with the administrative exhaustion requirements of the statute. Accordingly, this portion of the Defendant's Motion must be granted.

### D. Count III Tortious Interference with a Contractual Right

In its Motion, the Defendant moves to dismiss the Plaintiffs' Tortious Interference with a Contractual Relationship claim for two reasons. First, the Defendant argues that Plaintiffs' facts as pled in the Complaint are conclusory, and second, that the Defendant cannot be liable for tortious interference because the Contract between the Plaintiff and the Martinez's was specifically conditioned on the Defendant's approval.

To properly plead a claim for tortious interference with a contractual relationship under Florida law, a plaintiff must assert: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which plaintiff has legal rights; (2) proof of the interfering party's knowledge of the relationship; (3) intentional and unjustified interference with this relationship; and (4) damage to plaintiff as result of the interference. Burger King Corp. v. Ashland Equities, Inc., 161 F. Supp. 2d 1331, 1336 (S.D. Fla. 2001). The Court finds that the Plaintiffs have sufficiently alleged each of these elements at this early stage in the proceedings. Plaintiffs have alleged (1) the existence of the Contract, between the Plaintiffs and the Martinez's, for the purchase and sale of real property under which the Plaintiffs have rights as sellers; (2) that the Defendant had knowledge of the contract through the Application and the Notice; (3) that Sunrise lakes "intentionally, and without justification" interfered with the contractual relationship by denying the prospective buyer's Application based on a discriminatory practice of refusal to

permit the sale of housing to handicapped persons; and (4) that this interference caused injury to the Plaintiffs as they were not permitted to consummate the sale with the prospective buyers. Accordingly, the Court finds that the Plaintiffs have sufficiently alleged all necessary elements to support a cause of action for tortious interference at this point in the proceedings.

Defendant further claims, however, that even if the elements are properly pled, no cause of action lies because the Contract between the Plaintiffs and the prospective purchasers was subject to the Defendant's approval. At the very least, Defendant argues, the Plaintiffs were required to allege that the Defendant acted with malice. In Genet v. Annheuser-Busch, the Florida Third District Court of Appeals held that there was no cause of action for tortious interference when the plaintiffs agreement with the wholesaler was specifically conditioned upon the defendant's approval. 498 So. 2d 683, 684 (Fla. 3d DCA 1986) ("Because plaintiff's agreement with [the wholesaler] was specifically conditioned upon [defendant'] approval, as a matter of law, [defendant] cannot be liable for tortious interference with their agreement."). However, under Florida law even when a contract is specifically conditioned on a third party's approval or consent, that third party still cannot interfere with the contractual relationship based upon wrongful and malicious discriminatory practices. See Burger King, 161 F. Supp. 2d at 1336 ("Florida courts have recognized that the privilege to interfere is a valid defense to a claim for tortious interference only where the interference was not done for some improper purpose."). At this point in the litigation, the Court finds that the Plaintiffs have met their burden of pleading "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Plaintiffs have pled "improper purpose" as required by Florida law, See KMS Rest. Corp. v. Wendy's Int'l, Inc., Case No. 98-5336 (unpublished) at pp. 11-12 (11th Cir. Feb. 2,

2000), by pleading that the Defendant intentionally interfered with the Plaintiffs' contractual relationship when it denied the Martinez's Application for discriminatory reasons based on Ms. Martinez's disability.  The Defendant has cited to no case, and the Court has found none, that suggests that interfering with a contract with the intent to discriminate based on a statutorily protected grounds is insufficient to satisfy the "improper purpose" requirement under Florida law. Accordingly, the Defendant's Motion to Dismiss with respect to the Plaintiffs' tortious interference claim must be denied.

### E. Count IV Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under Florida law, "'a party must plead the existence of a fiduciary relationship and a breach thereof, which results in damages.'" Sussman v. Weintraub, 2007 U.S. Dist. LEXIS 20485 *15 (S.D. Fla. March 22, 2007) (internal citations omitted).  In the Complaint the Plaintiffs allege that a fiduciary duty was created by Fla. Stat. § 718.111(a), which states "[t]he officers and directors of the association have a fiduciary relationship to the unit owners," that was breached when the Defendant denied the proposed buyers' application because of one of the proposed buyer's handicap.  The Plaintiffs allege damages caused by this denial.

In this case the Defendant moves to dismiss the Plaintiffs' claim for breach of fiduciary duty because the Plaintiffs' do not enumerate the specific directors who engaged in misconduct. Defendant argues that "Plaintiffs cannot lump the entire board together to claim a breach of fiduciary duty without identifying specific individuals and their specific actions that allegedly breached the duty."  The Defendant is correct in stating that the statute applies to the "officers and directors of the association."  The Plaintiff has cited to, and the Court has not found, any authority

for the proposition that the Plaintiff can broadly sue the Association under this provision when the statute only imposes a fiduciary duty upon the "officers and directors" of the Association. Accordingly, the Defendant's Motion to Dismiss this count must be granted. The Court will, however, give the Plaintiffs leave to amend in order to remedy this pleading deficiency.

### F. Count V Violations of Declaration of Condominium

Finally, Defendant argues that the Plaintiffs' claim for Violations of Declaration of Condominium must be dismissed. The Court finds this portion of the Defendant's Motion to be without merit. The only grounds that the Defendant states in support of its Motion is that the Defendant had the right to object to the sale without elaborating on its reasons within ten (10) days of notice of the potential sale. However, according to the allegations of the Complaint, the notice was not received until six (6) months after the notice was due. The Defendant does not address this Count in its Reply. Accordingly, the Court finds that the Defendant's Motion to Dismiss Count V of the Complaint must be denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendant's Motion to Dismiss [DE 10] is hereby **GRANTED in part** and **DENIED in part**;

2. Count II of the Complaint is hereby **dismissed** without prejudice to be re-raised after the Plaintiffs have exhausted their administrative remedies;

3. Count IV of the Complaint is hereby **dismissed** without prejudice. If the Plaintiffs should wish to Amend their Complaint to re-plead Count IV in accordance with this Order, they must do so on or before April 4, 2008;

4. The Plaintiffs' Complaint shall continue with respect to Counts I, III and V.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of March, 2008.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies Furnished to:

Benjamin E. Olive, Esq.
Jacqueline A. Grady, Esq.
Patrick H. Gonyea, Esq.